CITY OF WATERTOWN, Respondent, v. BURK, Appellant.

(173 N. W. 837.)

(File No. 4574.   Opinion filed August 15, 1919.)

1.  **Intoxicating Liquors—Intoxication in Public Place, In Private Place to Another's Annoyance—Instruction Construing Ordinance re Disorderly Conduct, Error.**

Under a city ordinance prohibiting drunkeness in any public place within the city, or within any private place "to the annoyance of any person," court's instruction authorizing jury to convict defendant of disorderly conduct whether he was intoxicated or not, held, error wherein it construed the ordinance as defining two offenses, one for intoxication, the other for disorderly conduct, and authorized verdict of guilty if jury was satisfied defendant was conducting himself in a disorderly manner even though not intoxicated.

**2.** **Intoxicating Liquors—Ordinance Prohibiting Intoxication in Public Place, In Private Place "To Annoyance of Another," Conviction, Whether Justified Under Statute for Offense "Included" In Another.**

Nor could a conviction be sustained for disorderly conduct without intoxication, since that offense is not included in the ordinance, and Code Cr. Proc., Sec. 409 (Sec. 4926 Rev. Code 1919) authorizing jury to find defendant guilty of any offense necessarily included in that with which he is charged, is inapplicable, since disorderly conduct without intoxication is not included in the offense prescribed in the ordinance and charged in complaint.

**3.** **Intoxicating Liquors—Complaint Charging Intoxication "To Annoyance of Another," Whether Charging Disorderly Conduct—Constitutional Provision, Sufficiency of Evidence, Immateriality.**

A complaint under an ordinance prohibiting drunkeness in any public place within the city, and in any private place "to the annoyance of any person," which alleged that defendant became intoxicated, "and was disorderly to the annoyance of persons in the community," "contrary to the ordinance," does not apprise defendant that he is therein charged with disorderly conduct, within meaning of Const., Art. 6, Sec. 7, providing that accused is entitled to know nature and cause of accusation against him; and a conviction thereunder for disorderly conduct is prejudicial error, even though the evidence be sufficient to sustain such conviction.

Appeal from the Municipal Court of the City of Watertown. Hon. IRVIN H. MYERS, Judge.

The defendant, R. W. Burk, was convicted of disorderly conduct under a city ordinance, and he appeals. Reversed.

*John N. Weber, William G. Gesley,* and *Geo. H. Marquis,* for Appellant.

*A. L. Sherin,* for Respondent.

(1.) To point one of the opinion, Respondent cited:

State v. Cotton, 36 S. D., 396; 155 N. W., 8., and cases cited.

GATES, J. Appeal from a judgment of conviction for the violation of a city ordinance. Ordinance B 29 of the city of Watertown, entitled "An ordinance prohibiting intoxication and fixing the punishment therefor," provides:

"Sec. 1. No person shall become drunk, intoxicated, or under the influence of intoxicating liquors, in any private house or place within the city of Watertown, South Dakota, to the annoy-

ance of any person, nor shall any person allow himself to be-come drunk, intoxicated or under the influence of intoxicating liquors within the city of Watertown, nor be in a state of intoxi-cation, drunkenness, or under the influence of intoxicating liquors, in any public place, box car, vacant building, automobile, street or alley, or in any other place."

The complaint filed charged that—

Defendant "on the twentieth day of January, A. D. 1919, did then and there unlawfully become drunk and intoxicated and un-der the influence of intoxicating liquor and was disorderly to the annoyance of persons in the community where he lives, * * * con-trary to section one of Ordinance No. B 29 of said city."

The court charged the jury:

"No objection has been made to the complaint; it seems to allege two classes of offense, and, in substance, one part alleges intoxication ,and the other part alleges disorderly conduct. The case here is one for you to decide purely upon a question of fact. Whether the man was intoxicated is a matter that you will have to decide upon your own judgment as to whether he was or not. If you are convinced from all the testimony that the defendant here on the occasion referred to was intoxicated, then, of course, your verdict should be guilty, but if you are convinced upon all of the testimony that he was not intoxicated, then your verdict should be not guilty. Or, if you are convinced upon all of the testimony that he was not intoxicated, then your verdict should be not guilty. Or, if you are convinced upon all of the testimony that upon this occasion referred to, the defendant was conducting himself in a disorderly manner, and to such an extent as to have annoyed the neighborhood, you will return a verdict of guilty; but if you are not convinced upon all the testimony, then you will find the defendant not guilty. * * * If, in your verdict, you desire to discriminate between these two phases of the complaint, and you can if you wish to discriminate, you may return your verdict to the effect that the jury finds the defendant guilty of intoxica-tion, or disorderly conduct, if you wish to discriminate. But if you find the defendant not guilty of either one, then, of course, your verdict will be not guilty. Your verdict will be an oral one, to be delivered by word of mouth, and will be simply, 'We, the jury, find the defendant guilty,' or 'We, the jury, find the defend-

an't not guilty,' or you may find him guilty of either one of those offenses, if you wish to discriminate."

[1] The jury found the defendant guilty of disorderly conduct. The ordinance is clearly aimed at intoxication. There are two kinds of offenses under it. One is intoxication in a public place. The other is intoxication in a private place to the annoyance of another. The trial court in its instructions clearly misapprehended the meaning of the ordinance. The instructions authorized the jury to convict the defendant of disorderly conduct whether he was intoxicated or not. If he was not intoxicated he did not violate this ordinance. From the verdict rendered under the instructions given it would seem to be conclusively established that defendant was not intoxicated.

[2] It is urged by respondent that in any event the conviction should be sustained under section 409, C. Cr. Proc. (section 4926, Rev. Code 1919). That cannot be because disorderly conduct without intoxication is not included in the offense prescribed in the ordinance and charged in the complaint. Intoxication is an essential element to a conviction under the ordinance. Bishop, New Crim. Law, §§ 773-785.

It is also claimed by respondent that no prejudicial error is shown. Under the Constitution of this state (article 6, § 7), the accused is entitled to know the nature and cause of the accusation against him. By an information or complaint which charges him in effect with being intoxicated to the annoyance of another he is not advised that he is to be tried for disorderly conduct. In State v. Stewart, 37 S. D. 263, 157 N. W. 1046, this court said:

"It is a rule, so long settled that no authorities are required to sustain it, that the accused can be legally convicted only of the criminal acts charged, even though the evidence might be sufficient to sustain a conviction for some other distinct criminal act."

The judgment and order appealed from are reversed.